SUMMARY ORDER
Plaintiff-appellant Arthur N. Abbey appeals from an August 7, 2007 judgment dismissing his complaint alleging securities fraud, common law fraud, and negligent misrepresentation against defendants Theodore C. Skokos, 3F Partners Limited Partnership II, 3F Management II, LLC, and 3F Therapeutics, Inc. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Abbey challenges the dismissal of his complaint on three grounds, arguing that (1) he adequately pleaded that Skokos was the agent of 3F Therapeutics, (2) this action is not governed by the forum selection clause of the partnership agreement for 3F Partners Limited Partnership II, and (3) he should have been granted leave to amend his complaint. Only the third challenge has merit.
First, Abbey contends that his complaint alleged facts sufficient to infer an agency relationship between Skokos and 3F Therapeutics. Specifically, Abbey points to Skokos’s solicitation from Abbey of an investment of $4 million in 3F Therapeutics, 3F Therapeutics’s acceptance of that investment, and 3F Therapeutics’s failure to deny that Skokos was its agent. Appellant’s Br. 19. The flaw in this argument is that the complaint does not allege that 3F Therapeutics knew that Abbey invested $4 million in the company. Indeed, the compliant alleges that Abbey’s investment in 3F Therapeutics was indirect, made — along with those of other investors — through 3F Partners Limited Partnership II, an entity under the apparent control of Skokos. We see no basis to infer from this arrangement that 3F Therapeutics knew that Abbey was an investor, permitted Skokos to act as its agent in obtaining investors, or should have feared that its failure to disclaim an agency relationship would give Skokos apparent authority to act on its behalf. Accordingly, we agree with the District Court that Abbey “has alleged no facts that allow the Court to infer that Skokos was an agent of 3F Therapeutics when he allegedly induced [Abbey] to invest.” Aug. 7, 2007 Order in 06 cv 0409, at 10.
Second, Abbey contends that this action does not fall under the forum selection clause contained in the partnership agreement for 3F Partners Limited Partnership II. The forum selection clause governs only “disputes arising hereunder,” J.A. 107, which Abbey interprets as “appl[ying] only to disputes regarding the terms, or interpretation of, the [partnership [a]greement,” Appellant’s Br. 23, and therefore not claims arising under federal securities laws and state common law. We disagree. As the District Court explained, “[g]iven that [Abbey] invested in 3F Ther *913 apeutics through the limited partnership entity created solely for the purpose of investing in 3F Therapeutics, the [partnership] [a]greement is integrally related to this action.” Aug. 7, 2007 Order in 06 cv 0409, at 10 (quotation marks, footnote, and brackets omitted). Because the “purchase or sale” of securities, see 15 U.S.C. § 78j(b), at issue in this action was accomplished through the partnership agreement, Abbey’s allegations of securities fraud in connection with that transaction “arises” from the agreement and therefore the forum selection clause applies. See, e.g., Roby v. Corporation of Lloyd’s, 996 F.2d 1353, 1361 (2d Cir.1993) (“In order to underwrite risk, a Name is required by Lloyd’s’ bylaws to enter into the Managing and Members’ Agent’s Agreements. He may not underwrite risk otherwise; that is, he may not ‘buy the security’ otherwise. Misconduct with respect to the sale of these ‘securities’ necessarily ‘relates to’ these required agreements.”). This was not the case in Phillips v. Audio Active, Ltd., a decision relied upon heavily by Abbey, where we concluded that “[b]e-cause the recording contract is only relevant as a defense in this suit, we cannot say that Phillips’ copyright claims originate from, and therefore ‘arise out of,’ the contract.” 494 F.3d 378, 391 (2d Cir.2007). Because the forum selected by the contract is Texas, Abbey cannot press his claims against Theodore C. Skokos, 3F Partners Limited Partnership II, and 3F Management II, LLC in this action filed in the Southern District of New York.[2]
Third, Abbey argues that the District Court should have granted his application for leave to amend the complaint in order to cure his defective pleading of an agency relationship between Skokos and 3F Therapeutics. In his opposition to defendants’ motion to dismiss the complaint, Skokos requested leave to amend his complaint in the event that the District Court found it deficient, noting that “[additional facts ... have come to light ... [that] can bolster the claims asserted in the original Complaint.” Mem. in Opp. to Mot. to Dismiss, dated May 1, 2006, at 24. Among the additional facts uncovered by Abbey was that Skokos was a director of 3F Therapeutics at the time he allegedly induced Abbey to invest in that company. Id. at 2 n. 2. This allegation could permit an inference that Skokos acted as an agent for 3F Therapeutics, see, e.g., United States v. International Bhd. of Teamsters, 12 F.3d 360, 366 (2d Cir.1993) (“A director of a corporation unquestionably acts as an agent of that corporation.”), and solicited investors on the company’s behalf. Under our precedents, “[a]s long as appellants have at least colorable grounds for relief, justice does require leave to amend.” Raster v. Modification Systems, Inc., 731 F.2d 1014, 1018 (2d Cir.1984) (internal quotation marks and ellipsis omitted). Because the District Court did not set forth a reason for denying Abbey’s application, and we see no basis for denying it, we conclude that Abbey should have been granted leave to amend his complaint.
3F Therapeutics advances several other grounds for affirming the dismissal of Abbey’s complaint. We intimate no view on the merits of those grounds, leaving them instead for the District Court to consider in the first instance.
Accordingly, we AFFIRM the judgment of the District Court with respect to Theodore C. Skokos, 3F Partners Limited Partnership II, and 3F Management II, LLC; VACATE the judgment with respect to 3F *914 Therapeutics, Inc.; and REMAND the case for further proceedings consistent with this order.

. 3F Therapeutics is not a party to this contract and therefore cannot avail itself of the forum selection clause.